UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ROBERT WESOLOWSKI,


                                          Plaintiff,

                                                                    DECISION AND ORDER

                                                                    03-CV-6405L

                       v.

CHRISTOPHER F. KAMAS,
GREGORY T. MANOS,
THOMAS E.HANNAH,
CHRISTOPHER M. YEHL,
MICHAEL MC GINNIS,


                                          Defendants.

_____


                              **<u>INTRODUCTION</u>**

      Plaintiff Robert Wesolowski ("plaintiff"), proceeding *pro se*, brings this action against

defendants Christopher Kamas ("Kamas"), Gregory Manos ("Manos"), Thomas Hannah ("Hannah"),

Christopher Yehl ("Yehl"), correction officers at Southport Correctional Facility ("SCF"), and SCF

superintendent Michael McGinnis ("McGinnis"). Plaintiff alleges that the defendants subjected him

to cruel and unusual punishment and denied him equal protection of the law, in violation of his

Eighth and Fourteenth Amendment rights and 42 U.S.C. §1983.

       Plaintiff commenced the instant action on August 20, 2003, claiming that defendants violated

his constitutional rights during his incarceration at SCF's Special Housing Unit by confining him

for a time in a filthy cell with a soiled mattress, denying him cleaning materials of his choice, permitting the cell block to flood on one occasion, and placing plaintiff in a cell with a transparent plastic shield.

On April 4, 2008, the defendants moved for summary judgment dismissing plaintiff's claims, pursuant to Fed. R. Civ. Proc. 56 (Dkt. #56).  On April 11, 2008, the Court issued an Order and Notice to *Pro Se* Plaintiff, informing plaintiff that a motion for summary judgment had been filed and warning him that failure to respond to the motion on or before the deadline of May 14, 2008 could result in dismissal of the case (Dkt. #60).  On August 18, 2008 – three months after the original deadline for his response had expired – plaintiff wrote to the Court and requested additional time to respond (Dkt. #63).  The Court granted that request, and extended plaintiff's time to respond until November 14, 2008.  To date, plaintiff has failed to respond or otherwise oppose defendants' motion for summary judgment.

For the reasons set forth below, the defendants' motion is granted, and the complaint is dismissed.

**DISCUSSION**

**I.      Summary Judgment**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).

Where, as here, the party opposing summary judgment is proceeding *pro se*, the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *Corcoran v. New York Power Auth.*, 202 F.3d 530, 536 (2d Cir.1999). Nevertheless, "proceeding *pro se* does not otherwise relieve [an opposing party] from the usual requirements of summary judgment." *Fitzpatrick v. N.Y. Cornell Hosp.*, 2002 U.S. Dist. LEXIS 25166 at *5 (S.D.N.Y. 2003). Those requirements include the obligation not to rest upon mere conclusory allegations or denials, but instead to set forth "concrete particulars" showing that a trial is needed. *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984).

However, even when a plaintiff "chooses the perilous path of failing to submit a response to a summary judgment motion, the [Court] may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 273 F.3d 677, 681 (2d Cir. 2001). If the submitted evidence fails to satisfy the movant's burden of proof, then "summary judgment must be denied even if no opposing evidentiary matter is presented." *Vermont Teddy Bear Co. v. 1-800-BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (*quoting Giannulo v. City of New York*, 322 F.3d 139, 141 (2d Cir. 2003).

## II.     Plaintiff's Claims

Prison conditions are unconstitutional where they result in the "unnecessary and wanton" infliction of pain and are "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Mere unpleasantness is insufficient: the claim must be based upon "extreme deprivations," *Hudson v. McMillian*, 503 U.S. 1, 9 (1992), which are "barbarous" or "shocking to the conscience." *Sostre v. McGinnis*, 442 F.2d 178, 191 (2d Cir. 1971).

Plaintiff alleges that defendants were indifferent to his needs because: (1) he was initially placed in a "dirty" cell for two days; (2) although plaintiff was offered the usual broom, toilet brush and soap to clean his cell, he was denied the additional mops, rags and sponges he had requested to be supplied; (3) the toilet brush was passed to plaintiff through the same slot in his cell door that was used for wrapped food items; (4) after plaintiff complained about his soiled mattress to the Laundry Department, it was not replaced for two days; (5) on one occasion, plaintiff's cell was not cleaned for two weeks; (6) on June 26, 2003, an inmate's toilet overflowed and caused a ½ inch of flooding on the cell block floor, and although the immediate area around the toilet was cleaned, defendants did not clean plaintiff's individual cell floor; and (7) for one month during plaintiff's incarceration, 3/4 of the front of plaintiff's cell was covered by a plexiglass shield, which made the cell noisier and made it difficult for plaintiff to breathe.

I find that plaintiff's allegations are insufficient to defeat defendants' well-supported motion for summary judgment. Plaintiff admitted at his deposition that notwithstanding his complaints, he never suffered any ill health due to his cell conditions, and never sought or received any treatment for physical problems associated with the level of sanitation maintained by the prison. Furthermore,

it appears that to the extent plaintiff complained about the conditions of his incarceration, the defendants did not display "deliberate indifference," but responded quickly and appropriately. Plaintiff – who admitted that despite being instructed to write to the Laundry Department if he wished a new mattress, waited four days to do so – received a new mattress within two days of his request. After plaintiff wrote to Superintendent defendant McGinnis and complained about the plexiglass cover on his cell, he was moved to a new cell without a cover within five days. The remainder of plaintiff's complaints, concerning the prison's failure to provide him with specific cleaning supplies or the magnitude of its response to an overflowed toilet elsewhere on the cell block, represent minor inconveniences of prison life which "are part of the penalty that criminal offenders pay for their offenses against society." *Anderson v. Coughlin*, 757 F.2d 33, 35 (2d Cir. 1985) (*quoting Rhodes*, 452 U.S. 337 at 347).

The undisputed facts presented here establish that the plaintiff's complaints related principally to his personal preferences as to the cleanliness of his cell. His complaints to the prison superintendent and the Laundry Department concerning his soiled mattress and the plexiglass shield over the front of his cell were promptly addressed and the conditions were remedied. No evidence has been presented that a reasonable correction officer or facility supervisor could have believed that such circumstances as another inmate's overflowed toilet, the use of a single slot to pass objects through a cell door, the denial of plaintiff's preferred cleaning materials when other suitable materials were made available to him, or a single two-week period during which plaintiff's cell was not cleaned – were "so foul, so inhuman, and so violative of basic concepts of decency" as to represent a violation of plaintiff's clearly-established statutory or constitutional rights. *Compare*

*Wright v. McMann*, 387 F.2d 519, 526 (2d Cir. 1967) (finding that substantial exposure to winter cold and failure to provide a prisoner with clothing, bedding, towels, soap and toilet paper comprise a violation of a prisoner's Eighth Amendment rights) and *Gaston v. Coughlin*, 249 F.3d 156, 166 (2d Cir. 2001) (if true, allegations of subjection to frigid temperatures, rodent infestation, and prison's failure to clean corridor soiled with sewage and excrement for several days may establish an Eighth Amendment claim) *with Trammell v. Keane*, 338 F.3d 155 (2d Cir. 2003) (although deprivation of toiletries, especially toilet paper, can rise to the level of unconstitutional conditions, negligent failure to provide an inmate with hygiene items for two weeks fails to establish an Eighth Amendment violation); *Jones v. Furman*, 2007 U.S. Dist. LEXIS 20336 at *36 (W.D.N.Y. 2007) (plaintiff's allegation that he was incarcerated for one day in a dirty cell with a damp mattress, no bedding and no cold running water is insufficient to state an Eighth Amendment claim) and *Mabery v. Keane*, 1998 U.S. Dist. LEXIS 3978 (S.D.N.Y. 1998) (conclusory allegations of unsanitary conditions, failure to provide cleaning supplies, infrequent pest extermination and poor bathroom ventilation fail to state an Eighth Amendment violation).

Accordingly, plaintiff's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, I find that there are no material issues of fact, and that defendants are entitled to judgment as a matter of law.  Accordingly, defendants' motion for summary judgment

dismissing the complaint (Dkt. #56) is granted, and the Complaint is dismissed in its entirety, with

prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge


Dated: Rochester, New York
        December 8, 2008.